IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| JENNIFER EMERY, | * |
| Plaintiff, | * |
| v. | * |
| NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration, | *  No. 3:16CV00354-JJV |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Ms. Emery has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments. (Tr. 11-25.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is young – she was only thirty-seven years old at the time of the administrative hearing.  (Tr. 91.)  She testified she earned a GED in school.  (*Id.*)  She has past work as a sales representative for a telephone service.  (Tr. 23.)

The ALJ[1] found Ms. Emery met the disability eligibility requirements to apply for disability insurance benefits.  (Tr. 13-14.) She has "severe" impairments in the form of "levator syndrome, anxiety disorder and affective disorder."  (Tr. 14.)  The ALJ further found Ms. Emery did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 15-17.)

The ALJ determined Ms. Emery had the residual functional capacity to perform a reduced range of sedentary work given her mental and physical impairments.  (Tr. 17.)  The ALJ

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

determined Ms. Emery could no longer perform her past work, so the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 112-114.) Based on the testimony of the vocational expert, the ALJ determined she could perform the job of table worker - despite her mental and physical limitations. (Tr. 24-25.) Accordingly, the ALJ determined Ms. Emery was not disabled. (Tr. 15.)

The Appeals Council considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Ms. Emery argues that the ALJ's residual functional capacity assessment was flawed. (Doc. No. 13 at 37-41.) Ms. Emery clearly suffers from some level of pain and limitation – especially given the combination of her impairments. But after carefully considering the ALJ's opinion, the extensive medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence.

I am very sympathetic to Ms. Emery's claims and find this case to be close call. Plaintiff's counsel has done an admirable job advocating for Ms. Emery's rights in this case, but I am unable to find reversible fault in the ALJ's opinion. The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing a limited range of sedentary work. In coming to this conclusion, the ALJ considered the extensive medical records and the opinions from medical professionals. And in his opinion, the ALJ fairly set out the rationale for his conclusions. (Tr. 13-25.)

Ms. Emery believes the ALJ's reliance on "nontreating, nonexamining physicians" was wrong. (Doc. No. 13 at 38.) After carefully considering Ms. Emery's argument, I find her

argument to be without merit. The ALJ gave "great weight" to the State Disability Determination Services doctors' opinions and stated, "These conclusions are from reviewing sources, were supported by the record of evidence at the time the opinions were offered, and are consistent with the subsequently received evidence." (Tr. 22.) Rosey Seguin, M.D., and Bill F. Payne, M.D., reviewed the medical evidence and concluded Plaintiff maintained the physical residual functional capacity for sedentary work. (Tr. 126-128, 147-149.) Realizing doctors Seguin and Payne did not treat or examine Plaintiff, there is simply no basis to find fault in their opinions. The medical records support their conclusions. None of Plaintiff's treating physicians have opined that she is unable to perform the *physical* demands of sedentary work.

There is, however, a treating physician who has stated Plaintiff is unable to handle the *mental* and emotional demands of work. And, as Plaintiff correctly argues, a treating physician is generally entitled to substantial weight. (Doc. No. 13 at 36.) Larry S. Felts, M.D., provided a medical source statement whereby he concluded Plaintiff is extremely limited from bipolar disorder. (Tr. 882.) The ALJ stated, "Overall, Dr. Felts['] treatment notes do not show [an] extreme severity of symptoms and show little in the way of clinical findings." (Tr. 21.) So, ". . . in an attempt to clarify the claimant's functional capacity limitations from the onset date moving forward, [Ms. Emery] was sent for a psychological consultative examination in August of 2014, as performed by Samuel Hester, Ph.D." (*Id.*) While Dr. Hester did find Plaintiff had some fairly substantial limitations, his overall conclusions support the ALJ's determination that Ms. Emery is capable of performing a reduced range of sedentary work activities. (Tr. 851-858.)

Plaintiff also believes the ALJ failed to develop the record by failing to obtain physical residual functional capacity assessments from her doctors. (Doc. No. 13 at 37-38.) Plaintiff

4

bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither. The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the ALJ had ample medical evidence to make a fully informed decision.

It is not to say there is not objective evidence to support Ms. Emery's allegations. But to find Mr. Emery was disabled would require heavy reliance on her subjective complaints. Although Plaintiff disagrees, (Doc. No. 13 at 39-40), the ALJ properly discounted those complaints. (Tr. 17-23.) The ALJ's credibility assessment was sound given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, and Plaintiff's functional capabilities. See *Thomas v. Sullivan*, 928 F.2d 255, 259-60 ( 8th Cir. 1991); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989). The inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989).

Plaintiff has advanced other arguments I find are without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 19th day of June, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE